IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | |
| | § | |
| V. | § | CASE NO. 4:07cv383 |
| | § | |
| THE CITY OF FRISCO | § | |

**MEMORANDUM OPINION AND ORDER GRANTING
DEFENDANT'S MOTION TO DISMISS**

Now before the Court is Defendant City of Frisco, Texas's Motion to Dismiss and Alternatively, Motion for More Definite Statement (Dkt. 6). Having reviewed the record, the Court finds that the motion should be GRANTED and the case should be dismissed.

In its Original Complaint and Request for Declaratory Relief and Protective Order, Plaintiff, the State of Texas, states that it is seeking a declaratory judgment and the Court's protection from a general litigation hold request, initiated by a letter sent by the City of Frisco requesting the Texas Department of Transportation to generally preserve all electronic data associated with the State Highway 121 toll project from Dallas County North Tollway to US 75. The letter from the City refers to *potential* litigation regarding the environmental evaluation of the toll project. The State alleges that the City "if challenging the environmental documents, would sue pursuant to the National Environmental Policy Act, 42 U.S.C. §§ 4321-4327 ("NEPA") and the Administrative Procedures Act, 5 U.S.C. § 552 et seq. ("APA"), as suits alleging NEPA violations must also bring suit under the APA." Dkt. 1 at ¶3. Despite Plaintiff's speculation, at the time this suit was filed, no claims under NEPA or APA had been brought by the City.

Rather, the State has asked the Court to enter a declaratory judgment ruling that the City's letter "violates the Federal Rules of Civil Procedure and is contrary to rules governing a NEPA/APA claim in federal court." Dkt. 1 at ¶7. This request for declaratory relief is the sole count made against the City of Frisco in Plaintiff's complaint.

Defendant has filed a motion to dismiss arguing that Plaintiff has failed to plead the elements of any viable claim and is essentially asking the Court for an advisory opinion concerning what action it must take to properly preserve those documents subject to the litigation hold.[1] The Court agrees.

Plaintiff has raised its claim under the Declaratory Judgment Act. The Declaratory Judgment Act provides:

> In a case of actual controversy within its jurisdiction ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

28 U.S.C. § 2201(a). This Court must apply a three-step inquiry when analyzing whether to decide or dismiss a declaratory judgment action. The Court must determine: (1) whether the declaratory action is justiciable, a threshold issue; (2) if it has jurisdiction, whether the court has the authority to grant declaratory relief in the present action; and (3) if it has jurisdiction and authority, whether to exercise its broad discretion to decide or dismiss the action. *The Sherwin Williams Co. v. Holmes County,* 343 F.3d 383, 387 (5th Cir. 2003); *Orix Credit Alliance, Inc. v. Wolfe,* 212 F.3d 891, 895

---

[1] In addition to its motion to dismiss, the City has filed an alternative request for more definite statement. Because the Court grants the motion to dismiss, the motion for more definite statement is denied as moot.

(5th Cir. 2000). If the action is not ripe for adjudication and therefore not justiciable, the Court need not reach the second or third steps. *Shields v. Norton,* 289 F.3d 832, 837 (5th Cir. 2002) ("[W]e must not proceed until the issue is ripe-until we have that case or controversy."); *Orix Credit Alliance, Inc.*, 212 F.3d at 895. Thus, even actions for declaratory relief, which by design permit pre-enforcement review, require the presence of an actual "case" or "controversy." *United Trans. Union,* 205 F.3d at 857.

As one grounds for dismissal, Defendant argues that Plaintiff's complaint under the Declaratory Judgment Act is not ripe and therefore fails to satisfy the first prong of the three-prong inquiry outlined above. Ripeness is a question of law that implicates the court's subject matter jurisdiction. *Urban Developers LLC v. City of Jackson*, 468 F.3d 281, 292 (5th Cir. 2006); *Sandy Creek Investors, Ltd. v. City of Jonestown, Tex.,* 325 F.3d 623, 626 (5th Cir. 2003). "The ripeness doctrine counsels against 'premature' adjudication by distinguishing matters that are 'hypothetical' or 'speculative' from those that are poised for judicial review." *LeClerc v. Webb*, 419 F.3d 405, 413-14 (5th Cir. 2005). Article III of the United States Constitution limits federal courts' jurisdiction to "cases" and "controversies," so ripeness is an essential component to subject-matter jurisdiction. *Sample v. Morrison*, 406 F.3d 310, 312 (5th Cir. 2005) (citing U.S. Const. art. III, § 2). Therefore, if this case is not ripe, this Court has no jurisdiction to hear it.

In relation to declaratory judgment actions in particular, one court has discussed the significance of the ripeness doctrine:

> A suit for declaratory relief, while allowing a party to anticipate a suit and seek a judicial resolution, must nevertheless meet this keystone limitation. In hornbook form, a declaratory action must be ripe in order to be justiciable, and is ripe only where an actual controversy exists. An actual controversy exists

> where a substantial controversy of sufficient immediacy and reality exists between parties having adverse legal interests. Ordinarily whether particular facts are sufficiently immediate to establish an actual controversy yields answers on a case-by-case basis. Whether a declaratory action is ripe, by its very structure, pushes against our insistence upon mature disputes. That is, it contemplates an *ex ante* determination of rights that exists in some tension with traditional notions of ripeness.

*Shields v. Norton*, 289 F.3d 832, 835 (5th Cir. 2002) (internal citations omitted). *See also National Park Hospitality Ass'n v. Dept. of Interior*, 538 U.S. 803, 807-08, 123 S. Ct. 2026, 155 L. Ed.2d 1017 (2003) ("Ripeness is a justiciability doctrine designed to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties.") (internal citations and quotations omitted).

Having reviewed the record in this case, the Court finds that Plaintiff has not stated a justiciable controversy and this issue is not yet ripe. The party seeking declaratory judgment bears the burden of proving, by a preponderance of the evidence, that an actual controversy exists. *Cardinal Chem. Co. v. Morton Int'l, Inc.*, 508 U.S. 83, 95,113 S. Ct. 1967, 1975, 124 L. Ed. 2d 1 (1993). Here, the impetus for the State's suit is the litigation hold letter from the City of Frisco which states, in part:

> This letter is sent to request the preservation of electronic data associated with SH 121 and its conversion from a freeway to either a privatized or public tollway....The City of Frisco expects to be profoundly and adversely impacted by this project and maintains concerns that may not be addressed [regarding an environmental re-evaluation of the project]. Therefore, the purpose of this letter is to notify the Texas Department of Transportation (TxDOT) that ***a potential exists for litigation in connection with the conversion of SH 121 into a tollway***. This being the case, preserving any and all information related to this project is

of the utmost importance. Dkt. 1-2 (emphasis added).

Notably, it is not the City's potential claims regarding the tollway project that forms the basis of the State's declaratory judgment action. Rather, the State seeks a declaratory judgment as to how rules of discovery and procedure might be applied by the Court to its preservation of documents in that potential suit. According to the State, it is "seeking a declaration of its rights under the new federal discovery rules, Federal Rules of Civil Procedure ("Rules") 26(f) and 34" and "a declaratory judgment as to the interpretation and application of Rules 26(f) and 34, pertaining to the preservation of electronic documents." Dkt. 8 at 3. Rule 26(f) deals with planning for discovery during a lawsuit, including conferences between the parties regarding the preservation of discoverable information and the disclosure and discovery of electronically stored information. *See* FED. R. CIV. P. 26. Rule 34 addresses the production of documents including the production of electronically stored data and the procedures to object to a document request during a suit. *See* FED. R. CIV. P. 34. As a result of the City's litigation hold letter, the State asks this Court to determine "[w]hether it is a violation of Rules 26(f) and 34 to require an entity to broadly preserve and retain any and all electronic documents based on a required made before suit is filed." Dkt. 8 at 6.

While a "threat of litigation, if specific and concrete, can indeed establish a controversy upon which declaratory judgment can be based," the facts here are not "sufficiently immediate to establish an actual controversy" between the City and the State. *Orix Credit Alliance, Inc.*, 212 F.3d at 896, 897 (internal citations omitted). Neither the letter nor any of the facts alleged by Plaintiff rise to the level of controversy sufficient to confer jurisdiction. The letter only states that potential exists for litigation regarding the tollroad project. It does not articulate a "substantial controversy of

immediacy and reality." *Shields*, 289 F.3d at 835.

Moreover, even if the Court were to insert itself into the pre-litigation discovery process (which it declines to do), the correspondence attached to Plaintiff's Complaint does not evidence any concrete or developed disagreement by the parties as to the preservation of documents. A pre-enforcement action like Plaintiff's is only ripe "if any remaining questions are purely legal ... [and] further factual development" is not required for effective judicial review. *United Trans. Union,* 205 F.3d at 857. The facts here are not fully developed. The dispute is abstract, "hypothetical and not suited for judicial determination." *Hillwood Development Co. v. Related Companies, Inc.*, 2006 WL 1140472, at *8 (N.D. Tex. 2006).

Further, while they do not specifically address pre-suit litigation hold requests, the Rules of Civil Procedure contemplate that the parties will act in good faith in the preservation and production of documents. *See* FED. R. CIV. P. 37. The Court encourages both parties to handle the preservation of documents in response to their respective litigation holds in such good faith. The Court declines, however, to intervene now and issue an advisory opinion as to what actions by the State would constitute good faith as to the City's request.

The potential issues here are not yet ripe for adjudication. Therefore, this court has no jurisdiction over the State's complaint here, and the matter is dismissed.

**SO ORDERED.**

**SIGNED this 27th day of March, 2008.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE